AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED 13 MAR -1 PM 12: 02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DONNY LOVE, SR. (1) | Case Number: 10CR2418 MMM |
| | Donny Love, Sr. Pro Se/Mark Adams, CJA |
| | Defendant's Attorney |

REGISTRATION NO. 23747198

☐

THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, AND 10 OF SUPERSEDING INDICTMENT.
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2332a(a)(2)(B) and (a)(3) | Conspiracy to use a weapon of mass destruction | 1 |
| 18 USC 2332a(a)(2)(B) and (a)(3) and 2 | Aiding and abetting the use of a weapon of mass destruction | 2 |
| 18 USC 371 | Conspiracy to maliciously damage buildings or real property by means of an explosive, and manufacture and possess unregistered destructive devices | 3 |
| 18 USC 844(f)(1) and 2 | Aiding and abetting to maliciously damage buildings or real property by means of an explosive | 4 |

The defendant is sentenced as provided in pages 3 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) REMAINING is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 as to each Count 1-10, for a total of $1000.00

☒ Fine waived    ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 15, 2013
Date of Imposition of Sentence

*M. Margaret McKeown*
HON. M. MARGARET McKEOWN
UNITED STATES CIRCUIT JUDGE
SITTING BY DESIGNATION

10CR2418 MMM

**DEFENDANT:** DONNY LOVE, SR. (1)
**CASE NUMBER:** 10CR2418 MMM

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 924(c)(1)(A), (B)(ii) and 2 | Aiding and abetting the use and carrying of a destructive device in relation to a crime of violence | 5 |
| 18 USC 844 (h)(1) and 2 | Aiding and abetting the use of an explosive to commit the felony set forth in Count 1 | 6 |
| 18 USC 844 (h)(1) and 2 | Aiding and abetting the use of an explosive to commit the felony set forth in Count 2 | 7 |
| 26 USC 5841, 5861(d) and 5871 and 18 USC 2 | Possession and aiding and abetting the possession of an unregistered destructive device | 8 |
| 18 USC 1512(b)(3) | Tampering with a witness by corrupt persuasion | 9 |
| 18 USC 1512(c)(2) | Obstructing, influencing, and impeding an official proceeding | 10 |

DEFENDANT: DONNY LOVE, SR. (1)
CASE NUMBER: 10CR2418 MMM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Count 1, 300 MONTHS; Count 2, 300 MONTHS; Count 3, 5 YEARS; Count 4, 5 YEARS; Count 5, 30 YEARS; Count 6, 10 YEARS; Count 7, 10 YEARS; Count 8, 10 YEARS; Count 9, 20 YEARS; Count 10, 10 YEARS.
Counts 1, 2, 3, 4, 8, 9, and 10 run concurrently to each other and consecutively to 5, 6, and 7;
Counts 5, 6, and 7 concurrently to each other and consecutively to 1, 2, 3, 4, 8, 9, and 10, for a total term of 660 MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DONNY LOVE, SR. (1)
CASE NUMBER: 10CR2418 MMM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Count 1, 5 years; Count 2, 5 years; Count 3, 3 years, Count 4, 3 years; Count 5, 5 years; Count 6, 5 years; Count 7, 5 years; Count 8, 3 years; Count 9, 3 years; Count 10, 3 years. All counts 1-10 to run concurrently for a total term of 5 YEARS.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DONNY LOVE, SR. (1)
CASE NUMBER: 10CR2418 MMM

## SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within         days.

[ ] Complete         hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

DEFENDANT: DONNY LOVE, SR. (1)
CASE NUMBER: 10CR2418 MMM

# RESTITUTION

The defendant shall pay restitution in the amount of __$ 325,000.00__ unto the United States of America.

This sum shall be paid ___ immediately.
                       **x** as follows:

Pay restitution in the amount of $325,000, jointly and severally with Rachelle Lynette Carlock, Ella Louise Sanders, and Eric Reginald Robinson (Docket No. 08CR01895-MMM), to the General Services Administration (GSA) through the Clerk, U.S. District Court, payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $100 per month.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

**X**    The interest requirement is waived.

___ The interest is modified as follows: